FILED

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDY O. TROTTER, | No. 11-17511 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00996-GEB |
| v. | |
| R. LOPEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Andy O. Trotter appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Trotter contends that three evidentiary rulings by the state trial court

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated his constitutional rights. Trotter has not shown that the trial court's rulings rendered his trial fundamentally unfair or denied him a meaningful opportunity to present a complete defense. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 75 (1991); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

Trotter next contends that the gang sentencing enhancements that he received under Cal. Penal Code § 186.22(b)(1) were not supported by sufficient evidence. This claim fails because the state court's determination that there was sufficient evidence to support the gang enhancements was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Trotter finally contends that his trial counsel was constitutionally deficient for failing to object to, and request admonition for, the prosecutor's alleged misconduct while examining witnesses and making closing arguments. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

We construe Trotter's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**